2011-CC00916

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
CIRCUIT JUDGE DIVISION**

| | | |
|---|---|---|
| **KAREN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.:** |
| **vs.** | ) | |
| | ) | **Division:** |
| **SAINT CHARLES COMMUNITY COLLEGE,** | ) | |
| **Serve:** | ) | |
| **Barbara R. Kavalier** | ) | |
| **4601 Mid Rivers Mall Dr** | ) | |
| **Cottleville, MO 63376** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S PETITION FOR VIOLATIONS OF THE MISSOURI HUMAN RIGHTS
ACT, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, AND TITLE VII OF
THE CIVIL RIGHTS ACT,**

COMES NOW, Plaintiff Karen Jones, by and through her attorneys, and for her Petition

for Violations of the Missouri Human Rights Act, the Age Discrimination in Employment Act of

1967, and 42 U.S.C. § 2000e, et seq., of Title VII of the Civil Rights Act of 1964, as amended

against Defendant Saint Charles Community College, states:

**JURISDICTION AND PARTIES**

1.      Venue is proper pursuant to §508.010 and §213.111 RSMo because a substantial

part of the events giving rise to this cause of action occurred in the Saint Charles Community

College.

2.      Jurisdiction is proper pursuant to the Missouri Human Rights Act, § 213.010

RSMo., et seq. (MHRA) and §536.140 RSMo.

3.      Plaintiff, Karen Jones is an individual who is and was at all times herein after

mentioned, a resident of the State of Missouri.

1

**Exhibit**

**1**

exhibitsticker.com

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

4.     Defendant Saint Charles Community College (hereinafter "SCC") is a community college located in St. Charles County, Missouri, organized and existing under the laws of the State of Missouri.

5.     The events outlined herein occurred in Saint Charles County, Missouri.

## FACTS COMMON TO ALL COUNTS

6.     Plaintiff was on the committee to establish SCC prior to its inception.

7.     Plaintiff became an employee of SCC in 1987.

8.     Plaintiff held positions of English Professor, English Department Chair, Interim Dean of Arts and Humanities, Dean of Arts and Humanities during her employment with SCC.

9.     Plaintiff became the Dean of Arts and Humanities in or about 2012.

10.     Plaintiff reported to the Vice President of Academic Student Affairs, Chris Breitmeyer.

11.     Breitmeyer left the college to take a presidency position in Oregon in the Fall of 2016.

12.     John Bookstaver took over as Vice President of Academic Student Affairs in the Fall of 2016 and was permanently appointed in the Spring of 2017.

13.     Bookstaver had been the Dean of Science and Mathematics prior to becoming the Vice President of Academic Student Affairs.

14.     Bookstaver started giving Plaintiff problems as soon as he took the position.

15.     Bookstaver made comments that if older workers would retire, he could hire three people in their place; he was referring to the older workers such as Plaintiff who had been there a long time.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

16.     Plaintiff's daughter had taken a position directing the play Alice in Wonderland for the Spring 2017 semester; the assignment had been approved by the previous VP Chris Breitmeyer.

17.     Brookstaver told Plaintiff that her daughter could not direct the play and he made Plaintiff tell her.

18.     The department had been having trouble getting people to direct plays.

19.     In May of 2017 Bookstaver gave Plaintiff a written warning and placed her on a performance improvement plan. His reason was that faculty members Lonna Wilke and Jordon Mogerman had complained about her.

20.     Plaintiff had received multiple complaints against Wilkie from people she had worked with.

21.     Plaintiff addressed Wilke with the complaints, and she became upset.

22.     Mogerman became upset when Plaintiff told him he needed to speak with the department chair about his desire to teach classes other than art appreciation.

23.     Mogerman had been removed from his previous position of chair of the graphic design department when he caused student interest in that department to dwindle.

24.     Plaintiff explained to Bookstaver her interactions with Wilkie and Mogerman were appropriate and necessary under the circumstances, however, Bookstaber refused to listen to Plaintiff.

25.     Bookstaver instructed Plaintiff to remove reprimands from Wilke's file.

26.     Plaintiff's concerns about Wilkie are bolstered in that faculty complaints about Wilkie continued and SCC eventually terminated Wilkie after a faculty member filed a charge of discrimination against Wilkie because Wilkie had subjected her to sexual harassment.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

27.     Bookstaver removed Plaintiff from her position as Dean of Arts and Humanities and moved her to a newly created position of Director of International Education on July 1, 2017, which Plaintiff had no background or interest in.

28.     The Director of International Education position had no job description and the department did not have a budget.

29.     The Director of International Education position was a less desirable position than the Dean of Arts and Humanities position.

30.     SCC placed Plaintiff in the position of Director of International Education as a means of harassing and discriminating against her.

31.     Plaintiff resigned from the position of Director of International Education in July 2018 and return to faculty status as professor in the English department.

32.     Plaintiff resigned from the position of Director of International Education to escape the toxic and hostile conditions SCC had subjected her to.

33.     Plaintiff filed a written complaint with the college's Title IX coordinator on or about March 1, 2018 in which Plaintiff complained about a pattern of age and gender discrimination at the college and particularly by John Brookstaver.

34.     SCC offered early retirement incentives in April 2019.

35.     Plaintiff accepted the early retirement package in May 2019.

36.     Plaintiff took early retirement to escape the toxic and hostile conditions SCC had subjected her to.

37.     Plaintiff applied for Emeritus Professor status on August 1, 2019.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

38.     Plaintiff was approved by the faculty committee and Dean Mara Vorachek-Warren; however, the college President Barbara Kavalier denied the Emeritus status in a letter dated September 3, 2019.

39.     Kavalier cited John Bookstaver recommendation to deny Plaintiff's request for Emeritus status.

40.     The faculty committee requested to have a meeting with Bookstaver to discuss his refusal to grant Plaintiff Emeritus status.

41.     Bookstaver refused to grant the meeting.

42.     The college Faculty Association also requested to discuss the issue with Bookstaver and Kavalier, however they refused to discuss it.

43.     In the 30+ years that Plaintiff have been affiliated with the college they have never denied emeritus status to a retiring professor other than Plaintiff.

44.     John Bookstaver and SCC's refusal to grant Plaintiff emeritus status was done in retaliation against her because of the previous complaints of discrimination she made and was further evidence of SCC's discrimination against Plaintiff because of her age and gender.

45.     Plaintiff dually filed a charge of discrimination with the MCHR and the EEOC on October 7, 2019, Charge No. E-10/19-51508, 28E-2020-00056C.

46.     Plaintiff was contacted by the Chair of the English Department Jacquelyn Gray and asked if Plaintiff wanted to teach a class for the Spring 2020 semester.

47.     Plaintiff and Gray agreed that Plaintiff would teach an American Literature class.

48.     The Arts and Humanities Dean Mara Vorachek-Warren told Jacquelyn Gray that she did not know if Plaintiff could teach classes.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

49.     Plaintiff contacted SCC's Human Resource Department and spoke with Vice President of HR Donna Davis on November 7 or 8, 2019.

50.     Davis told Plaintiff that she did not know whether Plaintiff could teach or not, that it was a human resource matter and indicated that she would need to check.

51.     Plaintiff left several messages with Donna Davis and Mara Vorachek-Warren and they would not return her call.

52.     SCC allows other retired faculty members who have not filed complaints against them to teach classes.

53.     The Missouri Public School Retirement System allows retired faculty to teach up to 18 credit hours per academic year.

54.     Dona Davis, called Plaintiff on November 20, 2019 and told Plaintiff that Plaintiff was ineligible to teach that Spring because Plaintiff took the early retirement incentive.

55.     Davis' statement that Plaintiff was ineligible to teach was a lie in that the College's Voluntary Early Separation Program Participation and Release Agreement which Plaintiff participated specifically states "[a]n employee separating under this incentive Program may be considered for future reemployment, such as teaching courses for the College on an adjunct or emeritus basis or being reemployed in a no-teaching capacity."

56.     Plaintiff emailed Dona Davis on November 22 for more information, and she never responded.

57.     Plaintiff emailed Dona Davis, Jacquelyn Gray, and Mara Vorachek-Warren on January 7, 2020 and indicated that Plaintiff was still interested in teaching classes and that there were several classes that had not been assigned.

58.     Davis and Gray did not return Plaintiff's email.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

59.     SCC continued to discriminate and retaliate against Plaintiff, including refusal to approve her emeritus status and refusal to hire her for an adjunct position because of her complaints of discrimination including the filing of a charge of discrimination, which is also evidence of further discrimination against her because of her age and gender.

60.     Plaintiff will incur costs and attorney's fees in prosecuting this action against the Defendant.


**COUNT I – VIOLATIONS OF THE MISSOURI HUMAN RIGHTS ACT**

61.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

62.     This count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

63.     At all relevant times herein, the Defendant SCC was an employer as defined by the MHRA.

64.     Plaintiff is a member of the class of people intended to be protected by the Missouri Human Rights Act, including, section 213.010, *et seq.*

65.     Plaintiff is a female who is over the age of 40.

66.     SCC harassed, discriminated against and retaliated against Plaintiff because of her gender and because of her complaints of harassment and discrimination including the filing of a charge of discrimination with the Missouri Commissionon on Human Rights.

67.     SCC subjected Plaintiff to a hostile work environment due to her gender and complaints regarding the harassment and discrimination.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

68.     Plaintiff was subject to unwelcome harassment and discrimination by the Defendant and its agents and employees.

69.     During Plaintiff's term of employment, she was harassed and discriminated against in that she was subjected to hostile, offensive, abusive and unwelcome conduct and statements.

70.     The harassment SCC subjected Plaintiff to was based on her age and in retaliation for her complaints of harassment and discrimination.

71.     Defendant established and permitted an environment very hostile to female workers and made it very difficult for the Plaintiff to perform her job duties.

72.     The harassment and discrimination of the Plaintiff affected a term, condition, or privilege of her employment.

73.     Defendant was aware of the harassment and discrimination inflicted on the Plaintiff.

74.     The management staff for the Defendants was unsupportive of the Plaintiff's complaints.

75.     Despite the complaints by Plaintiff, offensive, abusive and unwelcomed conduct toward the Plaintiff continued.

76.     The harassment and discrimination Plaintiff was subjected to was frequent and continuing in nature.

77.     Defendants took discriminatory and harassing actions towards the Plaintiff in regard to her job duties and by treating male employees more favorable, and by retaliating against the Plaintiff because of her complaints of discrimination and harassment.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

78.     The discriminatory and harassing actions of Plaintiff's coworkers, managers and supervisors were sufficiently severe and/or pervasive that a reasonable person would find Plaintiff's work environment to be hostile, offensive and/or abusive.

79.     Plaintiff found her work environment to be hostile, offensive and/or abusive.

80.     Plaintiff complained to supervisors for SCC about the issues but they each refused to address the situation.

81.     Defendant did not exercise reasonable care to prevent and promptly correct any harassing and discriminatory behavior by its employees.

82.     Defendant failed to provide the Plaintiff any preventive or corrective opportunities.

83.     The Defendant's actions were directly and causally connected to Plaintiff's opposition of practices prohibited by the MHRA.

84.     Plaintiff was harassed, discriminated against, and terminated by the Defendant because of her gender and because of Plaintiff's complaints of discrimination and harassment and her exercising her rights under the Missouri Human Rights Act, as it relates to employment.

85.     Defendant limited, segregated, or classified Plaintiff in a way which would deprive or tend to deprive her of employment opportunities or otherwise adversely affect her status as an employee, because of her gender, and because of her complaints of harassment and discrimination.

86.     Defendant harassed, discharged and discriminated against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her gender and because of her complaints of harassment and discrimination.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

87.     Defendant harassed, retaliated and discriminated against Plaintiff because she opposed practices prohibited by Chapter 213 R.S.Mo. and/or because she filed a complaint, testified, assisted, or participated in investigations, proceedings or hearings conducted pursuant to Chapter 213 R.S.Mo.

88.     Defendant SCC, by its actions and failures to act, including but not limited to those described above, have consistently harassed, retaliated and discriminated against the Plaintiff on account of her gender and complaints of harassment and discrimination on a continuing basis, since the fall of 2016 to the present as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

89.     Defendant SCC, by its actions and failures to act, including but not limited to those described above, has consistently harassed, retaliated and discriminated against their employees on account of their gender and complaints of harassment and discrimination on a continuing basis, as an act or part of a pattern or practice of discrimination by the Defendant, as it relates to employment.

90.     Plaintiff's gender, her complaints of harassment and discrimination and opposition to practices prohibited by Chapter 213 of the Missouri Revised Statutes were a contributing and motivating factor and the exclusive cause in Defendant's retaliation and actions against her.

91.     Plaintiff has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life as a result of the actions of the Defendant SCC.

92.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

93.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff's rights.

94.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff, and entitle Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Karen Jones prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant SCC has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, to order that the defendant grant Plaintiff Emeritus Professor status, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II– VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT.

95.     Plaintiff restates and incorporates as though fully stated herein, all previous and subsequent paragraphs of her Petition.

96.     At all relevant times, Plaintiff was over 40 years of age and thus is protected

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

under the ADEA, 29 U.S.C. § 631.

97.     Plaintiff was at all times relevant herein a member of a "Protected Group" of individuals under the ADEA within the meaning of 29 U.S.C. § 631(a).

98.     Defendant is an employer within the meaning of 29 U.S.C. § 630(b).

99.     29 U.S.C. § 623 states, in part:

(a) Employer Practices. It shall be unlawful for an employer -- (1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's age . . .

(d) Opposition to unlawful practices; participation in investigations, proceedings, or litigation. It shall be unlawful for an employer to discriminate against any of her employees or applicants for employment, for an employment agency to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because such individual, member or applicant for membership has opposed any practice made unlawful by this section, or because such individual, member or applicant for membership has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

100.    Defendants violated the ADEA by discriminating and retaliating against Plaintiffs with respect to the terms and conditions of her employment.

101.    Defendant treated Plaintiff less favorably than younger employees.

102.    Defendant retaliated against Plaintiff for her complaints of discrimination.

103.    Defendant discriminated against plaintiff because of her age.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

104.    Plaintiff is an "aggrieved person" within the meaning of § 626 of the Act and has suffered damage for which he is entitled to legal and to equitable relief as provided in the Act, 29 U.S.C. § 626(b) and (c) and under the FLSA, 29 U.S.C. § 216.

105.    Plaintiff is entitled to legal and equitable relief including compensatory damages sufficient to make Plaintiff whole for all losses suffered as a result of Defendant's unlawful discrimination, liquidated damages and to restore to him all seniority, pension and other benefits he would have had but for the unlawful discrimination and retaliation is necessary and appropriate relief and will effectuate the purposes of the ADEA.

106.    Defendant's violation of the ADEA was willful so as to subject Defendant to liability for liquidated damages under 29 U.S.C. § 626(b) and 29 U.S.C. § 216 in an amount equal to Plaintiff's monetary damages.

107.    Plaintiff is entitled to preliminary and permanent equitable and injunctive relief, including, but not limited to, all seniority, benefits, and back pay, including the granting of emeritus status.

108.    Plaintiff has been damaged and suffered economic harm in the form of, but not limited to, lost wages and benefits, out-of-pocket expenses and monetary loss as well as non-economic damages all of which they are entitled to recover from Defendants plus pre-judgment interest, attorneys' fees and costs.

109.    The actions of Defendants were done in reckless indifference to Plaintiff's federally protected rights and Plaintiff is therefore entitled to recover punitive damages and exemplary damages

**WHEREFORE**, the Plaintiff Karen Jones prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant SCC has violated the rights of the Plaintiff as set

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, punitive damages and liquidated in the maximum amount allowed by law, to order that the defendant grant Plaintiff Emeritus Professor status, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT III– VIOLATIONS UNDER TITLE VII OF 42 U.S.C SECTION 2000E OF THE CIVIL RIGHTS ACT OF 1964

110.    Plaintiff restates and realllege the foregoing paragraphs as though set forth fully herein.

111.   SCC is an employer as defined by 42 U.S.C. § 2000e.

112.   Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e, *et seq*., of Title VII of the Civil Rights Act of 1964, as amended, by practices including but not limited to the following:

    a.   Removing Plaintiff from her position of Dean of Arts and Humanities position,

    b.   Assigning Plaintiff to the position of Director of International Education.

    c.   Placing Plaintiff on a performance improvement plan,

    d.   Harassing Plaintiff,

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

e.   Refusing to grant Plaintiff emeritus professor status,

f.   Refusing to employ plaintiff as adjunct faculty,

g.   Constructively discharging plaintiff.

113.   The actions of Defendants were motivated by plaintiff's sex.

114.   As a direct and proximate result of these unlawful employment practices, plaintiff have suffered losses of wages, benefits, experience, and career advancement and also have suffered mental anguish and humiliation.

115.   Plaintiff is entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).

**WHEREFORE**, the Plaintiff Karen Jones prays this court after a trial, for which a jury is hereby demanded, to find that the Defendant SCC has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendants to make Plaintiff whole for the loss of income she has suffered as a result of the unlawful acts of harassment, discrimination, and retaliation, including back pay from the time of the unlawful harassment, discrimination, and retaliation with interest thereon and fringe benefits, front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, punitive damages in the maximum amount allowed by law, to order that the defendant grant Plaintiff Emeritus Professor status, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $25,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts awarded, Grant such additional and affirmative relief as the Court may deem just and proper.

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

## DEMAND FOR A JURY TRIAL

Plaintiff, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: */s/ Kevin J. Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

**2011-CC00916**

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

**IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
CIRCUIT JUDGE DIVISION**

| | | |
|---|---|---|
| **KAREN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.:** |
| **vs.** | ) | |
| | ) | **Division:** |
| **SAINT CHARLES COMMUNITY COLLEGE,** | ) | |
| **Serve:** | ) | |
| **Barbara R. Kavalier** | ) | |
| **4601 Mid Rivers Mall Dr** | ) | |
| **Cottleville, MO 63376** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR SPECIAL PROCESS SERVER

Plaintiff requests that Wayne Polette, 3930 Old Hwy 94 South, Suite 108, Saint Charles,

MO 63304, be appointed special process server for the above cause.

> **Barbara R. Kavalier**
> **4601 Mid Rivers Mall Dr**
> **Cottleville, MO 63376**

Respectfully submitted:
KASPER LAW FIRM, LLC

By:  /s/ Kevin J. Kasper
Kevin J. Kasper, No. 52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South, Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: kevinkasper@kasperlawfirm.net
Email: ryanschellert@kasperlawfirm.net

Attorneys for Plaintiff

Electronically Filed - St Charles Circuit Div - September 22, 2020 - 04:54 PM

**2011-CC00916**

# IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, MISSOURI
## CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| **KAREN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Cause No.:** |
| **vs.** | ) | |
| | ) | **Division:** |
| **SAINT CHARLES COMMUNITY COLLEGE,** | ) | |
| **Serve:** | ) | |
| **Barbara R. Kavalier** | ) | |
| **4601 Mid Rivers Mall Dr** | ) | |
| **Cottleville, MO 63376** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MOTION FOR SPECIAL PROCESS SERVER

Plaintiff requests that Wayne Polette, 3930 Old Hwy 94 South, Suite 108, Saint Charles,

MO 63304, be appointed special process server for the above cause.

**Barbara R. Kavalier**
**4601 Mid Rivers Mall Dr**
**Cottleville, MO 63376**

Respectfully submitted:
KASPER LAW FIRM, LLC

By:  /s/ Kevin J. Kasper
Kevin J. Kasper, No. 52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South, Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: kevinkasper@kasperlawfirm.net
Email: ryanschellert@kasperlawfirm.net

ALL RISKS TO
REQUESTING PARTY
SO APPOINTED:
/S/  Cheryl Crowder 9:30 am, Sep 23, 2020

Attorneys for Plaintiff



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>MICHAEL JAMES FAGRAS | **Case Number:  2011-CC00916** |
| Plaintiff/Petitioner:<br>KAREN JONES | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO  63304 |
| vs. | |
| Defendant/Respondent:<br>SAINT CHARLES COMMUNITY COLLEGE | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO  63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  SAINT CHARLES COMMUNITY COLLEGE
**Alias:**

R/A BARBARA R. KAVALIER
4601 MID RIVERS MALL DR
COTTLEVILLE, MO  63376
*COURT SEAL OF*

*ST. CHARLES COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| _____9/23/2020_____ | _____/S/  Cheryl Crowder_____ |
|---|---|
| Date | Clerk |

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
Printed Name of Sheriff or Server                        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*               Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
                              Date                              Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - St Charles Circuit Div - October 16, 2020 - 03:14 PM

### IN THE CIRCUIT COURT OF SAINT CHARLES COUNTY, STATE OF MISSOURI
### CIRCUIT JUDGE DIVISION

| | | |
|---|---|---|
| **KAREN JONES,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **Cause No.: 2011-CC00916** |
| **vs.** | ) | |
| | ) | |
| **SAINT CHARLES COMMUNITY COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS and FIRST SET OF INTERROGATORIES, were served the 16th, day of October 2020 via hand delivery by Special Process Server Wayne Polette with the Petition to:

**Sharon Schreiber-Administrative Asst. to Barbara Kavalier**
**4601 Mid Rivers Mall Dr**
**Cottleville, MO 63376**

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By:*/s/ Kevin Kasper*
Kevin J. Kasper, #52171
Ryan P. Schellert, #56710
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net

*ATTORNEYS FOR PLAINTIFF*

Electronically Filed - St Charles Circuit Div - October 16, 2020 - 03:14 PM

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document with a copy in MS Word on CD Rom, was served upon the defendant with the summons and petition:

_/s/ Kevin Kasper_____

Electronically Filed - St Charles Circuit Div - October 16, 2020 - 02:51 PM



## IN THE 11TH JUDICIAL CIRCUIT, ST. CHARLES COUNTY, MISSOURI

| Judge or Division:<br>MICHAEL JAMES FAGRAS | Case Number: 2011-CC00916 |
|---|---|
| Plaintiff/Petitioner:<br>KAREN JONES | Plaintiff's/Petitioner's Attorney/Address<br>KEVIN JAMES KASPER<br>3930 OLD HWY 94 SOUTH, STE 108<br>SAINT CHARLES, MO 63304 |
| vs. | |
| Defendant/Respondent:<br>SAINT CHARLES COMMUNITY COLLEGE | Court Address:<br>300 N 2nd STREET<br>SAINT CHARLES, MO 63301 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

### Summons in Civil Case

| The State of Missouri to: | SAINT CHARLES COMMUNITY COLLEGE |
|---|---|

Alias:

R/A BARBARA R. KAVALIER
4601 MID RIVERS MALL DR
COTTLEVILLE, MO 63376

**COURT SEAL OF**

**ST. CHARLES COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____9/23/2020_____                    _____/S/ Cheryl Crowder_____
Date                                                              Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.

I certify that I have served the above summons by: (check one)

☑ delivering a copy of the summons and a copy of the petition to the defendant/respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:

_____ (name) _____ (title).

☐ other: _Sharon Schreiber - Administrative Asst. to Barbara Kavalier_.

Served at _4601 Mid Rivers Mall Dr._ (address)

in _St. Charles_ (County/City of St. Louis), MO, on _Oct 16 2020_ (date) at _2:10p_ (time).

_Wayne Polette_                                         _Wayne Polette_
Printed Name of Sheriff or Server                Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

AMANDA L. MILLER
Notary Public - Notary Seal
St Charles County - State of Missouri
Commission Number 13534807
My Commission Expires Oct 6, 2021

Subscribed and sworn to before me on _October 16 2020_ (date)

My commission expires: _Oct 06 2021_                _Amanda Miller_
Date                                                              Notary Public

### Sheriff's Fees, if applicable

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $ 50— |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.